**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| JESUS MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:16-cv-2890-M |
| | § | |
| CITY OF DALLAS, TEXAS, and DAVID BROWN, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion to Dismiss for Failure to State a Claim. (ECF No. 15). For the reasons stated below, the Motion is **GRANTED**.

## I. Factual and Procedural Background

Plaintiff is a police officer in the Dallas Police Department ("DPD"). On June 8, 2014, Plaintiff arrested a citizen in the Deep Ellum area of Dallas, Texas. (Am. Compl. ¶ 8, ECF No. 14). The Internal Affairs Division of the DPD subsequently investigated Plaintiff for using excessive force during this arrest. (*Id.* ¶ 16). Following the investigation and a disciplinary hearing held on November 14, 2014, the DPD terminated Plaintiff's employment. (*Id.* ¶ 38).

The Dallas City Code offers a discharged police officer the opportunity to challenge his termination through a series of appeals. DALLAS, TEX., CODE ch. 34 §§ 37-40. An officer can first request a hearing before the City Manager. *Id.* § 38(f)(4)(A)-(B). If the City Manager affirms the termination, the officer may then request an evidentiary hearing before an Administrative Law Judge ("ALJ") or the Civil Service Trial Board ("Trial Board"). *Id.* § 40. At this stage, the discharged officer is afforded rights akin to civil discovery, such as the

opportunity to subpoena documents and witnesses. *Id*. § 40(c)(5). The ALJ or Trial Board must ultimately determine, by a preponderance of the evidence, whether the officer committed rule violations and, if so, whether termination was the appropriate response. *Id.* § 40(d)(1)(A)-(B). If the discharged officer is dissatisfied with the decision of the ALJ or Trial Board, the officer may request a rehearing, *id.* § 4(f)(1), or appeal to a state district court, *id.* § 40(f)(2).

Following his termination from the DPD, Plaintiff timely requested a hearing with the City Manager. (Am. Compl. ¶ 39). The City Manager affirmed the DPD, and Plaintiff then appealed to the Trial Board. (*Id.* ¶ 43). In September 2015, the Trial Board reinstated the Plaintiff's employment, and the City of Dallas provided Plaintiff with back pay. (*Id.* ¶¶ 44-45).

Plaintiff instituted this action in the 162nd Judicial District, Court of Dallas County, Texas, suing the City of Dallas and the former Chief of the DPD, David Brown[1] (collectively, "Defendants"), as Cause No. DC-16-11790. Defendants removed the action to this Court and moved to dismiss under FED. R. CIV. P. 12(b)(6). Plaintiff then amended his Complaint and asserted three claims: violation of procedural due process under the Fourteenth Amendment,[2] wrongful termination, and inadequate back pay. (Am. Compl. ¶¶ 48-72). Defendants again moved to dismiss all of Plaintiff's claims.

## II. Legal Standard

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it does demand more than an unadorned

[1] There are inconsistencies in how Plaintiff refers to Defendant. (*See* Am. Compl. (referring to Defendant as David *O'Neal* Brown in the caption and as David *O'Neil* Brown in the body of the complaint)). The Court will refer to Defendant as David Brown to avoid confusion.

[2] The Court construes Plaintiff's claim as brought pursuant to 42 U.S.C. § 1983.

accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Twombly*, 550 U.S. at 570. The court must accept all of the plaintiff's factual allegations as true, but it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Id.* at 555. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the pleader is plausibly entitled to relief. *Iqbal*, 556 U.S. at 678.

## III. Analysis

### a. Procedural Due Process Claim

The Fourteenth Amendment provides that no state may "deprive any person of life, liberty, or property without due process of law." U.S. CONST. amend. XIV, § 1. Plaintiff alleges that he was denied due process under two theories: deprivation of a liberty interest in his reputation and deprivation of a property interest in his employment. (Am. Compl. ¶ 58).

To state a claim based on the deprivation of a liberty interest in one's reputation, a plaintiff must show "(1) that [he] was discharged; (2) that stigmatizing charges were made against [him] in connection with the discharge; (3) that the charges were false; (4) that [he] was not provided notice or an opportunity to be heard prior to [his] discharge; (5) that the charges were made public; (6) that [he] requested a hearing to clear [his] name; and (7) that the employer refused [his] request for a hearing." *Hughes v. City of Garland*, 204 F.3d 223, 226 (5th Cir. 2000). Plaintiff's Amended Complaint does not plead facts supporting several of these requisite elements. Plaintiff acknowledges that he was provided a hearing prior to his termination, and he did not allege that he did not have notice or an opportunity to rebut the charges against him at

that hearing. Plaintiff also did not allege that the DPD or the City of Dallas refused any request by him for a hearing. Therefore, Plaintiff fails to state a claim for a due process violation based on the deprivation of a liberty interest in his reputation.

To state a claim based on the deprivation of a property interest in his employment, a plaintiff must show that (1) he has a protected property interest in his employment, and (2) the termination of his employment was effectuated without due process. *McDonald v. City of Corinth, Tex.*, 102 F .3d 152, 155 (5th Cir. 1996); *Browning v. City of Odessa, Tex.*, 990 F.2d 842, 844 (5th Cir. 1993). Plaintiff has failed to sufficiently plead either element.

An employee has a property interest in his employment only when he has a legitimate right to continued employment. *McDonald*, 102 F.3d at 155 (citing *Perry v. Sindermann*, 408 U.S. 593, 601–602 (1972)). A legitimate right to continued employment can be "created directly by state statute or by a written contract, or by a 'mutually explicit understanding' enforceable under state law as an implied contract." *Johnson v. Sw. Miss. Reg'l Med. Ctr.*, 878 F.2d 856, 858 (5th Cir. 1989) (quoting *Sindermann*, 408 U.S. at 601). Because employment in Texas is generally "at-will," terminable at any time by either party with or without cause, Plaintiff must plead facts that would support a legitimate right to continued employment. *Federal Express Corp. v. Dutschmann,* 846 S.W.2d 282, 283 (Tex. 1993). Plaintiff has failed to do so.

Even if the Plaintiff had alleged a legitimate property interest in his employment as a DPD officer, Plaintiff did not sufficiently allege that his termination was effectuated without due process. The essential requirements of due process are notice and an opportunity to be heard. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985). Plaintiff's Amended Complaint alleges that his pre-termination hearing with the DPD, as well as his post-termination hearing before the City Manager, were a "farce and [did] not provide Due Process." (Am.

Compl. ¶ 57). However, this conclusion is not supported by factual allegations, such as whether he was given notice, the manner in which he was provided notice, whether he had an opportunity to respond, and the manner, if any, in which he was permitted to respond.

Plaintiff pleads some objections to the internal investigation conducted by the DPD prior to his termination, noting alleged discrepancies in the evidence and the failure of the DPD to interview all potential witnesses.[3] (Am. Compl. ¶¶ 24-29). However, these allegations are not tied to whether and how Plaintiff was denied due process, such as whether he had an opportunity to convey his concerns about the investigation.[4] Plaintiff further alleges that Chief Brown provided false information about the circumstances of Plaintiff's termination to the City Council, in the presence of the City Manager, (*id.* ¶¶ 39-43), and that Plaintiff was not provided notice of Chief Brown's meeting with the Council (which may or may not have been public or publicized), (*id.* ¶ 50). These allegations do not present facts that are relevant to his hearing before the City Manager. For all of the above reasons, Plaintiff fails to state a claim based on the deprivation of his property interest.

Plaintiff's due process claim is deficient in one last and critical respect. Any alleged procedural defects with Plaintiff's pre-termination hearing or his hearing before the City Manager were cured when he was reinstated with back pay by the Trial Board. *See Thompson v.*

[3] Plaintiff has submitted an appendix along with his response to Defendants' motion to dismiss. (ECF No. 21). The Court generally does not "look beyond the face of the pleadings" to determine whether relief should be granted on a motion to dismiss under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Extrinsic evidence may be considered "if . . . referred to in the plaintiff's complaint and are central to [his] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). The only document in the appendix referenced in Plaintiff's Amended Complaint is the "October 30, 2014 Memorandum." (See Amend. Compl. ¶ 36). This document describes the witness interviews conducted during DPD's investigation of Plaintiff, but it provides no additional information on whether and how Plaintiff was denied due process.

[4] The Fourteenth Amendment does not impose a "constitutional duty to provide a procedural regimen that guarantees faultless decisionmaking." *Caine v. Hardy*, 943 F.2d 1406, 1413 (5th Cir. 1991) (en banc).

*Bass*, 616 F.2d 1259, 1266 (5th Cir. 1980) ("Because . . . the posttermination hearing panel reinstated Thompson and awarded him back pay, we find that the constitutional inadequacy of the pretermination proceedings was cured and that Thompson was not entitled to additional relief"); *Shearer v. Bowen*, 2000 WL 729334, at *7 (5th Cir. 2000) ("[A]ny procedural infirmity was cured by Shearer's ability to appeal her termination to the Board and its decision to reinstate her with full pay and benefits."); *Glenn v. Newman*, 614 F.2d 467, 473 (5th Cir. 1980) ("Because any claim of pretermination due process violations was cured by the subsequent due process hearing, the only damages to which Glenn is entitled accrued during the period between his dismissal and the date of his post-termination hearing."). Plaintiff cites no law that a claim based on his hearings before reinstatement is actionable. Based on the Board reinstating him, Plaintiff's procedural due process claim is dismissed.

**b. Wrongful Termination Claim**

Plaintiff alleges that the DPD's inadequate investigation led to his wrongful termination, for which the City is liable, but he cites no law entitling him to relief on that basis. (Am. Compl. ¶ 70). Neither Texas statutes nor common law support such a claim for wrongful termination where, as here, Plaintiff is an at-will employee.[5] To the extent Plaintiff is proceeding on a novel common law theory of recovery, the Texas Tort Claims Act ("TTCA") would apply. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008) ("[TTCA] is the only, albeit limited, avenue for common-law recovery against the government.").

Plaintiff does not plead a waiver of governmental immunity, so the claim against the City of Dallas must be dismissed on that basis. "Sovereign immunity protects the state and its various

---

[5] Texas courts have recognized a wrongful termination claim on public policy grounds, defined only for "discharge of an employee for the sole reason that the employee refused to perform an illegal act." *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985).

divisions, such as agencies and boards, from suit and liability, whereas governmental immunity provides similar protection to the political subdivisions of the state, such as counties, cities, and school districts." *Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 57–58 (Tex. 2011) (citation omitted). Thus, to state a claim under the TTCA, there must be a valid waiver of immunity. *See Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003) (In a suit against a City under the TTCA, a plaintiff must "affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity."). Waivers of immunity must be based on statute. *See Garcia*, 253 S.W.3d at 655 ("Because the Legislature is better suited to balance the conflicting policy issues associated with waiving immunity, we look to pertinent legislative enactments to determine the extent to which immunity has been voluntarily relinquished."). Plaintiff here concludes that the City "should not have immunity from prosecution," but he does not allege any waiver based on statute. (Am. Compl. ¶ 63). The pleading against the City is thus deficient.

The wrongful termination claim against Chief Brown must be dismissed for another reason. The TTCA's election of remedies provision provides that "[i]f a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall be immediately dismissed upon the filing of a motion by the governmental unit."[6] TEX. CIV. PRAC. & REM. CODE § 101.106(e). A governmental unit is defined to include political subdivisions of Texas, including any City. *Id.* § 101.001(3)(B). Plaintiff has sued both Chief Brown and the

[6] The "apparent purpose [of this provision] was to force a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable, thereby reducing the resources that the government and its employees must use in defending redundant litigation and alternative theories of recovery." *Garcia*, 253 S.W.3d at 657.

City of Dallas for wrongful termination, and because the City has moved to dismiss the claim against Chief Brown, the Court must do so under the TTCA.

### c. Inadequate Back Pay Claim

Plaintiff received back pay upon reinstatement by the Trial Board, but he alleges that the amount he received was inadequate. (Am. Compl. ¶ 72). Plaintiff's claim for back pay damages based on any due process violation is barred because he failed to exhaust the administrative remedies available to him under the Dallas City Code. *See Rathjen v. Litchfield*, 878 F.2d 836, 839–40 (5th Cir. 1989) ("[N]o denial of procedural due process occurs where a person has failed to utilize the state procedures available to him."). He could have requested a rehearing on the Trial Board's order for back pay or could have appealed that to a state district court. He did not pursue either option.

Plaintiff's claim for back pay damages based on wrongful termination is dismissed because, as discussed, neither Texas statutes nor common law support Plaintiff's wrongful termination claim.

## IV. Conclusion

For the reasons stated above, the Amended Complaint does not sufficiently plead Plaintiff's claims. Therefore, the Motion to Dismiss is **GRANTED**.

Because alleged deficiencies in Plaintiff's hearings before reinstatement were cured when he was reinstated with back pay, Plaintiff's due process claim is **DISMISSED WITH PREJUDICE**. Because Plaintiff failed to exhaust the administrative remedies available to him under the Dallas City Code, his claim for back pay as a result of any alleged due process violation is barred and **DISMISSED WITH PREJUDICE**. Because Plaintiff's wrongful

termination claim is not actionable under Texas statutes or common law, the claim, and any request for back pay associated with it, are **DISMISSED WITH PREJUDICE**.

This disposes of all of Plaintiff's claims, so a separate Judgment against Plaintiff will be promptly issued.

**SO ORDERED.**

September 28, 2017.

**BARBARA M. G. LYNN**
**CHIEF JUDGE**